Complete 207 page document including exhibits on file in Clerk's Office

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| In re FIRSTENERGY CORPORATION SECURITIES LITIGATION | ) Master File No. 5:03-CV-1684 )  ) Judge James S. Gwin |
| This Document Relates To:  ALL ACTIONS. | ) ) DATE: December 17, 2004 ) TIME: 9:00 a.m. ) COURTROOM: The Honorable ) James S. Gwin ) |

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order of this Court, dated September 29, 2004 ("Order"), on the application of the parties for approval of the settlement (the "Settlement") set forth in the Stipulation and Agreement of Settlement dated as of July 27, 2004 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Class Action, including all matters necessary to effectuate the Settlement, and over all parties to the Class Action, including all Members of the Class and the Class Defendants.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies a Class consisting of all persons or entities who purchased or otherwise acquired FirstEnergy common stock or bonds between April 17, 2001 and August 19, 2003, including bonds issued pursuant to the Registration Statement and Prospectus effective November 13, 2001. Excluded from the Class are the Class Defendants and the Derivative Defendants and persons and entities related to Defendants, including any subsidiaries or affiliates of FirstEnergy; the officers and directors of FirstEnergy during the Class Period; members of the individual Defendants' immediate families; any person, firm, trust, officer, director any individual or entity in which any Defendant has a controlling interest or which is related to, or affiliated with, any of the Defendants, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded person or entity. Also excluded from the Class are those persons who requested to be excluded from the Class pursuant to the "Notice of Pendency and Settlement of Class Action" sent to Class Members.

- 1 -

4.      Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Class Action and all claims contained therein, as well as all of the Released Class Claims, are dismissed with prejudice. As between Lead Class Plaintiffs and Defendants, the parties are to bear their own costs, except as otherwise provided in the Stipulation regarding Class Plaintiffs' Counsel's application for attorneys' fees and expenses.

5.      The Court finds that the Stipulation and Settlement are fair, just, reasonable and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and Settlement in all respects and directs the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

6.      Upon the Effective Date, the Lead Class Plaintiffs and each of the Class Members, on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, estates, executors, trusts, trustees, trust beneficiaries, administrators, spouses, marital communities, and immediate family members, having any legal or beneficial interest in the common stock or bonds of FirstEnergy during the Class Period, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Class Claims (including all Unknown Claims), and any and all claims (including all Unknown Claims) relating to or arising out of or connected with the Settlement, the institution, prosecution, assertion or resolution of the Class Action, against all of the Released Class Persons, whether or not such Lead Class Plaintiff or Class Member executes and delivers the Proof of Claim and Release.

7.      The Lead Class Plaintiffs and each of the Class Members, and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, estates, executors, trusts, trustees, trust beneficiaries, administrators, spouses, marital

- 2 -

communities, and immediate family members, having any legal or beneficial interest in the common stock or bonds of FirstEnergy during the Class Period, are hereby forever barred and enjoined from commencing, instituting or prosecuting any of the Released Class Claims (including all Unknown Claims), or any action or other proceeding, against any of the Released Class Persons based on, arising out of, related to, or in connection with, the Released Class Claims (including all Unknown Claims).

8.      Upon the Effective Date, each of the Released Class Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Lead Class Plaintiffs, each and all of the Class Members and Class Plaintiffs' Counsel from all claims (including all Unknown Claims), relating to or arising out of, or connected with the institution, prosecution, assertion, settlement or resolution of the Class Action, and/or the Released Class Claims.

9.      The Court finds that the Notice of Pendency and Settlement of Class Action ("Class Notice") and Summary Notice for Publication of Settlement of Class Action ("Summary Notice," together with the Class Notice, "Notice") given to the Class was the best notice practicable under the circumstances, including mailing the individual Class Notice to all Members of the Class who could be identified through reasonable effort. Said Notice also provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

10.      Any Plan of Allocation submitted by Class Plaintiffs' Counsel or any order entered regarding the attorneys' fees and expense application shall in no way disturb or affect this Judgment and shall be considered separate and apart from this Judgment.

- 3 -

11.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Class Claim, or of any wrongdoing or liability of any of the Class Defendants or the Released Class Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Class Persons, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  The Class Defendants and the Released Class Persons, or any of them, may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or in related litigation.

12.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest and expenses in the Class Action; and (d) the Settling Parties for the purpose of construing, enforcing and administering the Stipulation and Settlement.

13.     The Court finds that the Class Action was filed in good faith and in accordance with the applicable Ohio law and Federal Rules of Civil Procedure, including Rule 11 of the Federal Rules of Civil Procedure and Ohio Civil Rule 11.

14.     In the event that the Effective Date does not occur or in the event that the Settlement Fund, or any portion thereof, is returned, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all

- 4 -

orders entered and releases delivered in connection herewith shall be null and void to the extent

provided by and in accordance with the Stipulation.

      IT IS SO ORDERED.


DATED: _____           _____

                                       THE HONORABLE JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE

S:\Settlement\First Energy.set\JGT00015754.doc