UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | : | |
|---|---|---|
| In re FIRSTENERGY CORPORATION SECURITIES LITIGATION | : | CASE NO. 5:03-CV-1684 |
| | : | |
| _____ | : | OPINION & ORDER |
| | : | |
| This Document Relates To ALL ACTIONS. | : | [Resolving Doc. No. 185] |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On August 4, 2006, Non-Lead Plaintiff Arthur McElroy ("McElroy") filed a motion seeking injunctive relief from the Court. Specifically, in his motion the Plaintiff requests that the Court order the claims administrator in this case to (1) include the Plaintiff within the settlement recovery pool; and (2) allow the Plaintiff's claim for an appropriate amount at or below $1,173. For the following reasons the Court denies Plaintiff McElroy's request for relief but grants the Plaintiff leave to re-file his claim with the proper supporting materials.

**I. BACKGROUND**

On December 30, 2004, the Court approved the settlement of this securities class action for $84.9 million. The claims administrator, Gilardi & Co. LLC ("Gilardi"), then processed proofs of claim from more than 46,000 FirstEnergy class members and sent rejection letters to class members with rejected claims. On August 4, 2006, the Plaintiff filed the instant motion apparently appealing the rejection of his claim by the claims administrator. In support of his motion the Plaintiff says that (1) he submitted a timely and valid proof of claim to the claims administrator; and (2) the Court should include him within the recovery pool based upon long-term capital losses associated with his

-1-

Case No. 5:03-CV-1684
Gwin, J.

ownership of FirstEnergy common stock.

## II. DISCUSSION

In his *pro se* motion, the Plaintiff asks the Court to order the claims administrator to include him in the settlement recovery pool. [Doc. 185.] However, the Plaintiff does not explicitly state anywhere in his pleading whether the administrator formally rejected his claim, let alone the basis for such a rejection. Moreover, there is no indication in the record – other than the Plaintiff's unverified assertion – that the Plaintiff did in fact submit a valid proof of claims and release. Because it is therefore impossible for the Court to meaningfully evaluate the Plaintiff's request for relief, let alone grant the request, the Court denies the Plaintiff's motion. However, the Court will allow the Plaintiff an opportunity to submit an amended motion that provides (1) documentation establishing his timely submission of a valid proof of claims and release; (2) information regarding the claims administrator's rejection of his claim; and (3) any arguments regarding why the claims administrator's decision should be reversed.

## III. CONCLUSION

For the reasons previously discussed, the Court **DENIES** the Plaintiff's request for injunctive relief. However, the Plaintiff may submit an amended motion seeking inclusion in the settlement recovery pool that includes the information noted above.

IT IS SO ORDERED.


Dated: March 19, 2007                    s/     *James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE